IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03074-BNB

WESLEY-THOMAS HYSELL,

    Plaintiff,

v.

LOU ARCHULETA, Warden,
RON WAGER, Associate Warden,
LIEUTENANT RICK LAWSON,
LIEUTENANT JANNA BLUNDELL,
YVETTE BROWN, Law Librarian,
"SERGEANT PATRICK,"
"SERGEANT SIMONEAUX,"
"OFFICER TAFOYA,"
WHITMAN WEST, Case Manager, and
"OFFICER HUGHES,"

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Wesley-Thomas Hysell, was a prisoner in the custody of the Colorado Department of Corrections incarcerated at the Fremont Correctional Facility when he filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed under 28 U.S.C. § 1915.

    The Court must construe the Prisoner Complaint liberally because Mr. Hysell is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hysell will be ordered to file an amended complaint if he wishes to pursue his

claims in this action.

The Court has reviewed the Prisoner Complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

The Prisoner Complaint is prolix and vague. Mr. Hysell fails to provide a short and plain statement of each of his claims showing that he is entitled to relief for several reasons. First, the claims Mr. Hysell intends to assert are not clear. He nominally alleges three claims in the Prisoner Complaint, but contained within those claims are numerous independent causes of action. Second, Mr. Hysell does not identify which Defendant or Defendants are being sued with respect to each asserted claim. Third,

Mr. Hysell fails to allege facts showing that he is entitled to relief. For example, within claim one, Mr. Hysell contends that prison staff interfered with his constitutional right of access to the courts. To state a cognizable access to the courts claim, however, a plaintiff must allege specific facts that demonstrate he suffered an actual injury in his ability to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-55. Mr. Hysell makes no allegations of an actual injury in his ability to pursue a nonfrivolous legal claim.

Similarly, within claim one, Mr. Hysell alleges that prison staff verbally abused and harassed him. The Tenth Circuit has found, however, that "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (citations omitted); *see also Williams v. Levansailor*, 1998 WL 426865, *1 (10th Cir. 1998) (collecting cases finding verbal abuse alone is not actionable as constitutional violation) (unpublished).

The Court also finds that the Prisoner Complaint is deficient because Mr. Hysell fails to allege the personal participation of each named Defendant in a deprivation of his constitutional rights. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hysell must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisors, such as Warden Archuleta, Associate Warden Wager, and Sergeant Patrick, may not be held liable for

the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

For all of these reasons, Mr. Hysell must file an amended complaint if he wishes to pursue his claims in this action. Mr. Hysell must identify, clearly and concisely, who he is suing, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. See *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the

responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Accordingly, it is

ORDERED that Mr. Hysell file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that clarifies the claims he is asserting in this action as discussed in this order.  It is

FURTHER ORDERED that Mr. Hysell shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Hysell fails to file an amended Prisoner Complaint that complies with this order within the time allowed, some of the claims and defendants, or the entire action, may be dismissed without further notice.

DATED January 23, 2014, at Denver, Colorado.

          BY THE COURT:

           s/ Boyd N. Boland
          United States Magistrate Judge