IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03074-BNB

WESLEY-THOMAS HYSELL,

    Plaintiff,

v.

LOU ARCHULETA, Warden,
RON WAGER, Associate Warden,
LIEUTENANT RICK LAWSON,
LIEUTENANT JANNA BLUNDELL,
YVETTE BROWN, Law Librarian,
"SERGEANT PATRICK,"
"SERGEANT SIMONEAUX,"
"OFFICER TAFOYA,"
WHITMAN WEST, Case Manager, and
"OFFICER HUGHES,"

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Wesley-Thomas Hysell, was a prisoner in the custody of the Colorado Department of Corrections (CDOC) at the Fremont Correctional Facility when he submitted *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 asking for money damages. After filing his Complaint, Mr. Hysell notified the Court that he had been released from custody and now resides at the Advantage Treatment Center in Sterling, Colorado, as a condition of parole. (*See* ECF Nos. 7 and 10). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915. (*See* ECF No. 11).

    On January 23, 2014, Magistrate Judge Boyd N. Boland entered an order directing Mr. Hysell to file an amended Prisoner Complaint within thirty days. (*See* ECF

No. 12). Magistrate Judge Boland warned Mr. Hysell that if he failed to file an amended Prisoner Complaint that complied with the January 23 Order within the time allowed, some claims asserted against some Defendants, or the entire action, may be dismissed without further notice. Mr. Hysell has failed within the time allowed to file an amended Prisoner Complaint as directed or otherwise communicate with the Court in any way.

In the January 23 Order, Magistrate Judge Boland pointed out a number of deficiencies in Mr. Hysell's original Prisoner Complaint. The Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules ov Civil Procedure. Specifically, the Prisoner Complaint is prolix and vague, and Mr. Hysell fails to provide a short and plain statement of each of his claims showing that he is entitled to relief. First, the claims Mr. Hysell intends to assert are unclear because, although he nominally alleges three claims, those claims appear to include numerous independent causes of action. Second, Plaintiff does not identify which Defendant or Defendants are being sued with respect to each asserted claim. Third, Mr. Hysell fails to allege facts showing that he is entitled to relief. The Court further explained that specific facts as to the personal participation of each named Defendant must be alleged and that Defendants may not be sued merely because of their roles as supervisors. The January 23 Order discusses these deficiencies in greater detail.

Mr. Hysell has failed within the time allowed to file an amended prisoner complaint that cures the deficiencies and provides specific factual assertions of Defendants' personal participation in the asserted constitutional violations. The Prisoner Complaint will be dismissed without prejudice for Mr. Hysell's failure to comply with the order to submit an amended Prisoner Complaint and for his failure to

prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Hysell files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 1) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Wesley-Thomas Hysell, within the time allowed, to file an amended Prisoner Complaint as directed in the order of January 23, 2014 (ECF No. 12), and for his failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  28th  day of    February   , 2014.

BY THE COURT:


　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court